### PALADINO CONTRACTING CO. v. WALSH et al.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

CONTRACTS (§ 295*)—SUBSTANTIAL PERFORMANCE—DEFENSES.

 Plaintiff contracted to excavate a cellar 162 feet long, 102 feet wide, and 8 feet deep. Plaintiff only excavated 161 feet in length and 99 feet 8 inches in width, and when requested to complete the excavation failed to do so, imposing on defendants the necessity of performing a large amount of work to complete the same. Held, that plaintiff's work did not constitute a substantial compliance with the contract, and that he was not entitled to recover a balance due thereon.

 [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1353–1356, 1362; Dec. Dig. § 295.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by the Paladino Contracting Company against John F. Walsh and another. From a judgment for plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Ascher, Ogust & Goldstein, of New York City (Louis Ogust, of New York City, of counsel), for appellants.

Menken Bros., of New York City, for respondent.

GUY, J. This action was brought to recover a balance of contract price claimed by plaintiff to be due under a written contract whereby plaintiff agreed to do the excavation of a cellar for a public school for the sum of $4,665, the excavation to be 162 feet in length, 102 feet in width, and 8 feet in depth. The contract made provision for payments during the progress of the work, the balance to be paid 30 days after completion. All but $1,665 was paid, and suit is brought to recover that sum.

While no plans were introduced in evidence, the proof shows that the lines of the excavation were staked out by representatives of plaintiff and defendants in accordance with a survey, which was used by the parties, but was not introduced in evidence on the trial. It is clearly established by the evidence that, instead of excavating as provided by the contract and as staked out by the parties under the contract, viz., 162 feet in length and 102 feet in width, plaintiff only excavated 161 feet in length by 99 feet 8 inches in width, and, when requested to complete the excavation, failed and neglected to do so. The defects complained of are material, and the evidence shows that defendants had to perform a large amount of work to complete the excavation as required by the contract. Defendants did not set up any counterclaim, but defend on the ground of failure to perform. Plaintiff, having failed to show a substantial performance of its contract, is not entitled to recover.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.